UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GERALD E. WILCOX, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:04-cv-735 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

    This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security partially denying plaintiff's claim for disability insurance benefits (DIB). On July 30, 2002, plaintiff filed the application giving rise to this appeal. (A.R. 46-48). He alleged a December 15, 2000 onset of disability on the basis of a left knee injury. Plaintiff's claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 21). On December 9, 2003, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 160-93). On June 6, 2004, the ALJ issued a decision finding that plaintiff was not disabled on and after June 25, 2002, but was disabled during the period from December 15, 2000, through June 24, 2002. (A.R. 11-18). The Appeals Council denied review on October 8, 2004 (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On November 3, 2004, plaintiff filed his complaint in this court seeking review of the portion of the

Commissioner's decision denying plaintiff's claim for DIB benefits on and after June 25, 2002. Plaintiff's brief presents the following statement of errors on appeal:

> The ALJ rejected Plaintiff's testimony about the limiting effects of his symptoms without demonstrating the necessary prerequisites: substantial inconsistency with the other evidence and/or lack of an underlying symptom-producing condition.

(Plf. Brief at 2, Statement of Issues, docket # 9). Upon review, I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

Plaintiff worked as a corrections officer for a period of approximately six months. He asserted that he suffered a work-related injury to his left knee on December 15, 2000, during a scuffle with an inmate.[1] The earliest medical records plaintiff submitted in support of his claim are dated December 29, 2000. (A.R. 13, 120-22). At the December 9, 2003 hearing, plaintiff testified that he had a driver's license and was capable of driving a car approximately 45 minutes before he required a break. (A.R. 164-65). When asked by the ALJ to identify what limited his ability to

---

[1] Plaintiff's attorney reported that in approximately October 2003, plaintiff had accepted a lump-sum redemption of his worker's compensation claim against the State of Michigan. (A.R. 167).

work, plaintiff responded "constant pain in my left leg." (A.R. 169). Plaintiff also stated that he experienced drowsiness and short-term memory loss as side-effects of the medication Axert that plaintiff took to relieve headaches occurring approximately two times per week. (A.R. 169-71). Plaintiff testified that a typical morning involved getting his eight-year-old son ready for school and then driving him to school. Plaintiff stated that when he returned to his residence he generally watched television. (A.R. 176). Plaintiff testified that he had a "bunch" of magazine subscriptions, but claimed that he did not read the magazines and usually just threw them away. (A.R. 177). Plaintiff testified that he did read to his son every night, read the newspaper once a week, and occasionally read the Bible. He testified that he performed household chores such as laundry and cleaning. Plaintiff's older children helped with the household chores when they visited from time to time. Plaintiff indicated that he was able to operate a computer. (A.R. 1177-78). He stated that he attended church on a regular basis and after services had concluded, he visited with family members. (A.R. 180)

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on December 15, 2000, his asserted onset of disability, and continued to meet them through the date of the ALJ's decision. The ALJ found that plaintiff had not performed substantial gainful activity since December 15, 2000. The ALJ found that the medical evidence established that plaintiff had the severe impairments of "history of injury to the left knee with reflex sympathetic dystrophy; incomplete tear of the anterior cruciate ligament; and/or peroneal nerve entrapment." Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective

complaints were not fully credible, and that plaintiff's RFC had improved since the date of plaintiff's alleged onset of disability:

> [T]he claimant's allegations regarding the severity of his current symptoms and limitations are not fully credible. He claims minimal ability to sit, stand, and walk, but admits that his daily activities include performing household chores (with help) and going out regularly to visit friends and family and attend church. He alleges that his medication causes drowsiness and memory loss, but his concentration is good enough to enable him to read and use a newspaper. Dr. Hazzard stated in November 2002 that his activities are "temporarily mildly limited." (Exhibit 5F, p.4).
>
> Considering the evidence as a whole, and discounting the claimant's allegations to some extent for the reasons indicated above, the undersigned concludes that at present he is capable of lifting or carrying 10 pounds frequently and 20 pounds occasionally, and standing, walking, and working in a sitting position for at least 6 hours out of an 8-hour workday. He is limited to occasional pushing and pulling with the upper extremities, and cannot operate foot controls. He is also limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and cannot tolerate concentrated exposure to extreme cold, extreme heat, humidity, vibration, hazardous machinery, or unprotected heights. These limitations give the claimant the benefit of any reasonable doubt. No treating or examining physician has indicated more severe limitations. No other functional restrictions are established by credible and substantial evidence of record. These limitations are generally consistent with the findings of the state agency medical consultant (Exhibit 6F).
>
> For more than one year after the alleged onset date, the claimant had more severe limitations than those listed above. Again, considering the evidence as a whole, the undersigned concludes that prior to June 25, 2002, he was incapable of lifting or carrying more than 10 pounds, more than occasional lifting or carrying 10 pounds or less, more than minimal standing and walking, and prolonged work in a sitting position. He had the limitations listed above for other functional areas. These limitations are supported by treatment records which document severe constant pain in the left knee and leg.

(A.R. 14). The ALJ found that plaintiff was unable to perform his past relevant work. Plaintiff was 36 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has "a high school education plus one year of college." The ALJ found that plaintiff did not have any transferable skills from past relevant work. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of

plaintiff's age and with plaintiff's RFC (on and after June 25, 2002), education, and work experience, the VE testified that there were approximately 6,750 jobs within southwestern Michigan that plaintiff was capable of performing. The ALJ held that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 11-18).

**1.**

Plaintiff disagrees with the ALJ's credibility determination. Plaintiff argues that, "the ALJ had no authority to reject plaintiff's testimony." (Plf. Brief at 15). Plaintiff contends that "necessary prerequisites" to rejecting plaintiff's claims regarding his subjective symptoms were "substantial inconsistency with other evidence and/or lack of an underlying symptom-producing condition." (Plf. Brief at 2, Statement of Errors, ¶ 1; *see* Plf. Reply Brief at 2, docket # 11). Upon review, I find that plaintiff's argument is meritless.

Plaintiff's argument is based on his interpretation of a complex interaction between 1983 social security regulations (referred to by plaintiff as "original regs."), a Senate report drafted more than two decades ago related to the Social Security Disability Benefits Reform Act of 1984, and 1991 amendments to 20 C.F.R. § 404.1529. The following summary of the argument appears on page 11 of plaintiff's brief:

> To summarize, the 1991 amendments reenact the "original regs," but explain and expand on them while creating the following new provisions:
> 1. A requirement (taken from the 1984 statutory amendment) that the claimant's reported symptoms need not be considered if *not* consistent with the other evidence (404.1529(a)) but are conclusive if they *are* consistent. 404.1529(c)(4).
> 2. Limiting the corroboration requirement to *existence* of symptoms (404.1529(b)), there being no requirement that the *extent* and *effects* of the claimant's reported symptoms to be corroborated. 404.1529(c)(2).

> Summarizing still further, the 1991 amendments make the claimant's reported symptoms conclusive if a) corroborated by an objective condition that could cause symptoms *of that type*, and b) "consistent" with other evidence.

(Plf. Brief at 11).

The ALJ's June 6, 2004 decision is the Commissioner's final decision. The court must look to the regulations in effect as of June 6, 2004 to determine whether the Commissioner properly applied the law when he found that plaintiff's subjective complaints were not fully credible. The 2004 version of 20 C.F.R. § 404.1529 says absolutely nothing to the effect that an ALJ is bound to accept a claimant's reported symptoms as being conclusive. The regulations stated as follows:

> § 404.1529 How we evaluate symptoms, including pain.
>
> (a) General. In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. By objective medical evidence, we mean medical signs and laboratory findings as defined in § 404.1528 (b) and (c). By other evidence, we mean the kinds of evidence described in §§ 404.1512(b) (2) through (6) and 404.1513(b) (1), (4), and (5) and (e). These include statements or reports from you, your treating or examining physician or psychologist, and others about your medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how your impairment(s) and any related symptoms affect your ability to work. We will consider all of your statements about your symptoms, such as pain, and any description you, your physician, your psychologist, or other persons may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled. In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including your medical history, the medical signs and laboratory findings and statements about how your symptoms affect you. (Section 404.1527 explains how we consider opinions of your treating source and other medical opinions on the existence and severity of your symptoms, such as pain.) We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms

affect your ability to work.

(b) Need for medically determinable impairment that could reasonably be expected to produce your symptoms, such as pain. . . . The finding that your impairment(s) could reasonably be expected to produce your pain or other symptoms does not involve a determination as to the intensity, persistence, or functionally limiting effects of your symptoms. . . .

(c) Evaluating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work--

(1) General. When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work. In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your medical history, the medical signs and laboratory findings, and statements from you, your treating or examining physician or psychologist, or other persons about how your symptoms affect you. We also consider the medical opinions of your treating source and other medical opinions as explained in § 404.1527. Paragraphs (c)(2) through (c)(4) of this section explain further how we evaluate the intensity and persistence of your symptoms and how we determine the extent to which your symptoms limit your capacity for work, when the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain.

(2) Consideration of objective medical evidence. Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption. Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work. We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.

(3) Consideration of other evidence. Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms. The information that you, your treating or examining physician or psychologist, or other persons provide about your pain or other symptoms (e.g., what may precipitate or aggravate your symptoms, what medications, treatments or other methods you use to alleviate them, and how the symptoms may affect your pattern of daily living) is also an important indicator of the intensity and persistence of your symptoms. Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or examining physician or psychologist, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a

> conclusion as to whether you are disabled. We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining or consulting physician or psychologist, and observations by our employees and other persons. . . .  Factors relevant to your symptoms, such as pain, which we will consider include:
> (I) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.
> (4) How we determine the extent to which symptoms, such as pain, affect your capacity to perform basic work activities. In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your medical history, the medical signs and laboratory findings, and statements by your treating or examining physician or psychologist or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. § 404.1529.  This, and not plaintiff's idiosyncratic statement of the law, provides the rule to be applied herein.  Significantly, plaintiff cites no case holding that the ALJ is bound by the claimant's testimony.  The law is to the contrary.  *See Jones v. Commissioner*, 336 F.3d at 475-76 ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability."); *see also Baranich v.*

*Barnhart*, No. 04-3461, 2005 WL 894363, at * 5 (6th Cir. Apr. 19, 2005) (same). The Commissioner correctly applied the applicable law.

The scope of the court's review of the Commissioner's administrative decision is quire narrow. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *see also Essary v. Commissioner*, No. 03-6233, 2004 WL 2452596, at * 2 (6th Cir. Oct. 28, 2004) ("[C]redibility determinations are the province of the Commissioner, not the reviewing court."). Here, the ALJ found that plaintiff's subjective complaints of disabling subjective symptoms were not fully credible, particularly in light of plaintiff's contrary daily activity level. (A.R. 14). Upon review, I find that the ALJ's credibility determination is supported by more than substantial evidence.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   June 20, 2005              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).