UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD E. WILCOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-735 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security partially denying plaintiff's claim for disability insurance benefits (DIB). The Commissioner found that plaintiff was disabled during the period from December 15, 2000 through June 24, 2002, but was not disabled on and after June 25, 2002. On November 3, 2004, plaintiff filed his complaint seeking judicial review of the portion of the Commissioner's decision finding that he was not disabled. On June 20, 2005, Magistrate Judge Joseph G. Scoville issued a report and recommendation (docket # 12) recommending that the Commissioner's decision be affirmed. The matter is now before the court on plaintiff's objections to the report and recommendation. Upon *de novo* review, the court finds that plaintiff's objections are without merit. Plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, and judgment will be entered affirming the Commissioner's decision.

Plaintiff disagrees with the Commissioner's credibility determination regarding the plaintiff's subjective complaints. Judicial review of the Commissioner's administrative decision is limited to determining whether the Commissioner correctly applied the law and whether the Commissioner's factual findings are supported by substantial evidence. *See Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court cannot substitute its own credibility determination for the Commissioner's. The reviewing court "must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Jones*, 336 F.3d at 475 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Commissioner is charged with making the factual findings necessary to determine whether an applicant is disabled and the Commissioner's factual findings, if supported by substantial evidence, are conclusive. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citing 42 U.S.C. § 405(g)). "[A]n ALJ's findings based on the credibility of the applicant are to accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner*, 127 F.3d at 531.

Plaintiff's objections assert that this court must overturn the Commissioner's decision because the ALJ "lacks authority" to reject plaintiff's testimony regarding his subjective complaints "without demonstrating [two] necessary prerequisites: substantial inconsistency with other evidence

and/or lack of an underlying symptom producing condition." (Objections at 2, 12). Plaintiff's argument that the ALJ somehow "lacks authority" to make a credibility determination regarding his subjective complaints is patently meritless. It is the ALJ's job to make this factual determination. The court finds that the ALJ properly applied the standards established by 20 C.F.R. § 404.1529 and that the ALJ's credibility determination is supported by more than substantial evidence.

Subsection (b) of section 404.1529 states that in evaluating symptoms, including pain, there must be a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms, including pain. 20 C.F.R. § 404.1529(b). The ALJ found that plaintiff's impairments satisfied this initial requirement. The ALJ then proceeded to evaluate the intensity and persistence of plaintiff's symptoms in accordance with subsection (c): "Evaluating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity to work." 20 C.F.R. § 4041529(c). Subsection (c) states: "In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your medical history, the medical signs and laboratory findings, and statements from you, your treating or examining physician or psychologist, or other persons about how your symptoms affect you." 20 C.F.R. § 404.1529(c)(1). Contrary to plaintiff's contention, there is no threshold legal requirement that there be a "substantial inconsistency" between a claimant's testimony and other evidence before the ALJ is free to make a factual determination that he disbelieves some or all of the plaintiff's testimony. Obviously, the greater the record evidence supporting the ALJ's credibility determination, the lower the likelihood that factual determinations will be overturned by a court reviewing under the substantial evidence standard.

Plaintiff offers the last sentence of 20 C.F.R. § 404.1529(c)(2) as support for his argument that a "corroboration requirement is expressly limited to the *existence* of symptoms and not to their *intensity* and the *effects* thereof." (Objections at 8). Plaintiff's argument is completely undermined by the structure of the regulation itself. 20 C.F.R. § 404.1529(c) establishes the procedure for "evaluating the intensity and persistence" of the claimant's symptoms. Subsection (c)(2) explains the role objective evidence plays in the process of evaluating the intensity and persistence of symptoms. The last sentence of subsection (c)(2) states: "[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms have on your ability to work *solely* because the available objective evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2)(emphasis added); *see Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). The ALJ did not find that plaintiff's statements concerning his pain, drowsiness, and short-term memory loss were not fully credible solely because the objective evidence did not substantiate those claims. The ALJ considered all the factors specified by 20 C.F.R. § 404.1529 and found that plaintiff's subjective complaints of disabling pain were not fully credible because, among other things, they were undercut by plaintiff's daily activities. Plaintiff's testimony that his medications caused significant drowsiness and short-term memory loss were undercut by the absence of supporting medical records recording complaints of substantial side effects. Plaintiff had a current driver's license and testified that he drove for periods of up to 45 minutes without requiring a break. Plaintiff retained the ability to read and use a computer. The ALJ properly took these factors into account and determined that plaintiff's subjective complaints were not fully credible. There is more than substantial record evidence supporting the ALJ's credibility determination.

Plaintiff argues that *King v. Heckler*, 742 F.2d 968 (6th Cir. 1984), and other cases hold that the ALJ "lacks the authority to reject the claimant's testimony." (Objections at 11). None of the cases cited by plaintiff held that an ALJ lacks the authority to determine the credibility of the claimant's testimony. This is not an instance where the ALJ's credibility determination is conclusory, unsupported, or the result of the application of an improper "sit and squirm" test. *See Martin v. Secretary of Health & Human Servs.*, 735 F.2d 1008, 1010 (6th Cir. 1984).

## **Conclusion**

For the reasons set forth herein, plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion and judgment entered affirming the commissioner's decision.


Date:     July 11, 2005                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE